**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING GOVERNMENT'S** |
| | ) | **MOTION TO EXCLUDE TIME** |
| vs. | ) | **PURSUANT TO SPEEDY TRIAL ACT** |
| | ) | |
| Justin Robert Beston, and | ) | |
| Chelsey P. Amyotte, | ) | |
| | ) | Case No. 4:07-cr-109 |
| Defendants. | ) | |

___

Before the Court is the Government's "Motion to Exclude Time Pursuant to Speedy Trial Act" filed on June 17, 2008. No response has been submitted by the defendants to date.

On December 6, 2007, defendant Justin Robert Beston was indicted in a one-count indictment charging him with second degree murder. Beston's initial appearance was held on December 13, 2007, and trial was set for February 19, 2008. On February 1, 2008, Beston filed a motion for continuance of the trial and a waiver of his speedy trial rights. The trial was rescheduled for May 6, 2008.

On March 31, 2008, Beston was arraigned on a superseding indictment which added a second count of assault resulting in serious bodily injury. The Government filed a motion to continue the trial and the trial was rescheduled to commence on September 9, 2008. On June 3, 2008, a second superseding indictment was handed down adding defendant Chesley P. Amyotte to both counts of the superseding indictment. Amyotte was arraigned on June 5, 2008. On June 5, 2008, the Court entered an amended pretrial order joining Amyotte for the September 9, 2008, trial date.

Counsel for the Government correctly points out that under the Speedy Trial Act, a trial must commence within seventy (70) days from the date of the initial appearance. See 18 U.S.C. § 3161(c)(1). Seventy days from Amyotte's initial appearance is August 14, 2008.

There are several periods of delay which are excluded in computing the time within which the trial must commence. One of the exceptions is found in 18 U.S.C. § 3161(h)(7), which allows for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Codefendant Beston's trial time has not run as the Court previously ordered that the time which elapsed from the date of the order for continuance of the trial "shall be excluded from any Speedy Trial Act calculation. See 18 U.S.C. § 3161(h)(8)(A), and (h)(8)(B((iv)." Another exception to the Speedy Trial Act calculation is found in 18 U.S.C. § 3161(h)(8)(A) which is the "ends of justice" exception. The charge in this case is second degree murder and assault resulting in serious bodily injury. It is expected that virtually all of the witnesses and evidence to be presented at trial will apply to both defendants and the counts charged in the indictment.

The Court finds that the ends of justice and the interests of judicial economy warrant a joint trial of this case on September 9, 2008. Accordingly, the Court **GRANTS** the Government's motion (Docket No. 39). All time which elapses from the date of this order until trial shall be excluded from any Speedy Trial Act calculation as to defendant Amyotte. See 18 U.S.C. § 3161(h)(7) and 18 U.S.C. § 3161(h)(8)(A).

**IT IS SO ORDERED.**

Dated this 8th day of July, 2008.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

2